UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN MICHAEL CEJDA,

    Petitioner,

-vs-                                            Case No. 6:10-cv-1364-Orl-31GJK

STATE OF FLORIDA, et al.,

    Respondents.
_____/

**ORDER**

        Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 13). Petitioner filed a reply to the response (Doc. No. 15).

        Petitioner alleges two claims for relief in his habeas petition: 1) he received ineffective assistance of counsel; and 2) his guilty plea was unlawfully induced and involuntary.

I.    *Procedural History*

        Petitioner was charged by information with two counts of aggravated battery with

a firearm with great bodily harm (counts one and two), one count of shooting into an occupied building or vehicle (count three), and one count of possession of a firearm by a delinquent (count four). Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of guilty to two counts of aggravated battery with a firearm (counts one and two), one count of shooting a deadly missle (count three), and one count of possession of a firearm by a delinquent (count four). The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of ten years as to counts one and two. The trial court withheld the imposition of a sentence as to counts three and four and place Petitioner on probation for a term of ten years. It does not appear that Petitioner filed a direct appeal.

Petitioner then filed a *pro se* motion to withdraw his plea with the state trial court, which was stricken because Petitioner was represented by counsel.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was dismissed without prejudice.

Petitioner filed a section Rule 3.850 motion with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

Petitioner then filed a third Rule 3.850 motion with the state trial court, which was denied as successive. Petitioner did not appeal the denial.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. *Standard for Ineffective Assistance of Counsel*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

4

deficient performance prejudiced the defense. *Id*. at 687.² A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

III.   *Analysis*

A.   *Claim One*

Petitioner asserts that he received ineffective assistance of counsel because counsel failed to file a motion to withdraw the plea on his behalf. This claim was raised in Petitioner's third Rule 3.850 motion, which was denied as a successive motion.

This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir.1993). To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *See Crawford v. Head*, 311 F.3d 1288, 1327 (11th Cir. 2002). the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Claim one is procedurally barred because the state trial court denied Petitioner's

---

²In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

5

Rule 3.850 motion as successive. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred and denied.[3]

B.     *Claim Two*

Petitioner states that his guilty plea was unlawfully induced and involuntary. According to Petitioner, counsel failed to inform him of the availability of an insanity defense. This claim was raised in Petitioner's second Rule 3.850 motion and was denied on the basis that Petitioner gave up his right to present defenses when he entered a voluntary guilty plea.

At the plea hearing, the trial court judge specifically asked Petitioner about his counsel and about potential defenses, and Petitioner stated that he was satisfied with the quality of the representation provided by his trial counsel and that he would be waiving potential defenses by pleading guilty:

> [THE COURT]: And did you also get a chance to talk with your attorney about any possible defenses that you might have?
>
> [THE DEFENDANT]: Yes.

---

[3]In addition, Petitioner did not appeal the denial of this claim. The failure to appeal the denial results in a procedural default. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial).

6

>[DEFENSE COUNSEL]: Or lack thereof.
>
>[THE COURT]: I don't know if you have any defenses or not but what you need to understand at this point is if you do have any defenses -- you may or you may not, I don't know -- but you will be waiving those defenses if you plead guilty; do you understand that?
>
>[THE DEFENDANT]: Yes, sir.
>
>[THE COURT]: And you won't be able to raise them later on; do you understand that?
>
>[THE DEFENDANT]: I do.
>
>[THE COURT]: Mr. Cejda, are you satisfied with the advice and representation of your attorney?
>
>[THE DEFENDANT]: Yes, sir.

(Transcript of Plea Hearing at 17-18.)

The record demonstrates that Petitioner had the opportunity, before entering his guilty plea, to raise with the trial court any issues that he thought had not been properly addressed by his counsel and any ineffective assistance of counsel claim that he might have had, but he declined to do so.

In addition, Petitioner presents no evidence supporting the conclusion that he insane at the time of the crimes. Petitioner's counsel's decision not to pursue an insanity defense is the type of strategic decision that should not be second-guessed, especially in a case like this one, where the record contains no evidence tending to establish that was insane at the time the crimes were committed.

The record in this case reflects that Petitioner understood the charges against him,

understood the consequences of his plea, and voluntarily chose to enter his pleas of guilty without being misled or otherwise misinformed. Petitioner's responses throughout the plea colloguy illustrate a comprehension of the statements of the trial court and counsel, and therefore the record supports a finding that the pleas were valid. Petitioner was not misled or misinformed as to any matter, and every effort was made to help Petitioner understand his rights and options. Petitioner entered into his pleas of guilty voluntarily and knowingly, and there has been no showing that counsel acted deficiently or that Petitioner sustained prejudice as result of counsel's actions. The Court finds that the claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Steven Michael Cejda is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 15th day of December, 2011.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:

OrlP-2 12/15

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Counsel of Record

Steven Michael Cejda